UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITESLATE, LLP,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THIRD AVENEWS, LLC, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  20cv2026-LAB-AHG<br><br>**ORDER:**<br><br>**1) DISMISSING STATE LAW CLAIMS;**<br><br>**2) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR WRIT OF POSSESSION [Dkt. 3]; AND**<br><br>**3) ORDERING PLAINTIFF TO SHOW CAUSE** |

　　　Plaintiff Whiteslate, LLP filed a Complaint alleging seventeen state law claims and one federal claim against Defendants Third Avenews, LLC, 2131 3rd Ave Daily Transcript, LLC, Meissner Jacquet, Tim Foley, Randy Goodson, CRBE, Inc., Camille Doan, and twenty Doe defendants. Whiteslate contends that the Court can exercise diversity jurisdiction or federal question jurisdiction over the case, Compl., Dkt. 1, ¶¶ 11, 15 (citing 28 U.S.C. §§ 1331, 1332(a)), and it has now filed an Application for Return

of Personal Property seeking a writ of possession under California law. Dkt. 3. The Court finds that the Complaint establishes a basis for federal question jurisdiction, but not diversity jurisdiction. While the Court has supplemental jurisdiction over the state law claims, it declines to exercise it.

As discussed below, the Court declines to take on the state law claims and **DISMISSES** them **WITHOUT PREJUDICE**. In addition, because the Application is based on those state law claims, the Court **DENIES** it **WITHOUT PREJUDICE**. Whiteslate is **ORDERED TO SHOW CAUSE** why its federal Racketeer Influenced and Corrupt Organizations Act claim shouldn't be dismissed under Fed. R. Civ. P. 12(b)(6).

## I.   Whiteslate Doesn't Allege a Basis for Diversity Jurisdiction

Whiteslate fails to sufficiently allege that the Court has diversity jurisdiction over this case. Diversity jurisdiction isn't available unless the parties are completely diverse—the plaintiff can't be a citizen of any state of which any defendant is a citizen. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). But Whiteslate fails to fully allege its own citizenship or that of any Defendant.

Whiteslate and two Defendants are California limited liability entities whose citizenship is established by the citizenship of their members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). But the Complaint doesn't allege the citizenship of each member of the limited liability entities, so it is deficient in establishing diversity. Dkt. 1 ¶¶ 1-3.

The citizenship of individual Defendants is established by their domicile — meaning their residence to which they intend to remain or return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). But the Complaint alleges only that the individual Defendants reside in California. Dkt. 1 ¶¶ 4-6, 8. Without allegations as to whether those Defendants intend

to remain or return, their citizenship cannot be determined. *Kanter*, 265 F.3d at 857-58.

The remaining Defendant is a corporation, which is a citizen of its place of incorporation and its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). Whiteslate alleges that the corporation, either CRBE, Inc. or CBRE, Inc., is a Delaware corporation, but omits to list its principal place of business. *See* Dkt. 1 ¶ 7 (alleging that corporation "conduct[s] business in California"). The corporation is allegedly a citizen of Delaware and another unknown state.

Given these deficiencies, the Court can't exercise diversity jurisdiction over this action.

## II.   The Court Declines Supplemental Jurisdiction over the State Law Claims

The Court does have original jurisdiction over Whiteslate's federal RICO claim, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over Whiteslate's other claims. *See* 28 U.S.C. § 1367(a). But the Court has discretion to decline exercising supplemental jurisdiction over the non-federal claims where they substantially predominate over the federal claim. *See* 28 U.S.C. § 1367(c)(2); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (courts may decline supplemental jurisdiction on substantial predominance grounds without further explanation). That's the case here.

Whiteslate's federal claim is premised on five alleged misrepresentations made through the mail and wire communications. Dkt. 1 ¶¶ 285-93. By contrast, the seventeen state law claims cover a wide array of alleged conduct and theories ranging from breach of contract, fraud, and negligence to trespass to chattels, extortion, and abuse of process. The scope of the state law claims substantially predominates over the narrower

3

20cv2026-LAB-AHG

federal claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) (state claims may substantially predominate in terms of scope of issues raised). Moreover, it is alleged that the parties have already begun litigation in state court for alleged breach of one of the lease agreements at issue in this case. *See* Dkt. 1 ¶¶ 279-84 (alleging abuse of process in connection with "[Case] Nos. X0-2020-005-XXXXXX"). For these reasons, the Court declines to exercise supplemental jurisdiction over Whiteslate's state law claims, taking into account "considerations of judicial economy, convenience, and fairness." *Gibbs*, 383 U.S. at 726.

### III.    The Complaint Fails to State a Claim under RICO

Whiteslate's remaining claim arises under RICO, but the Complaint fails to allege a violation of that statute.[1] RICO is intended to provide civil remedies to victims of "long-term criminal conduct." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242 (1989). Whiteslate's RICO claim here rests on allegations that Defendants engaged in several instances of alleged mail and wire fraud in connection with a single transaction with Whiteslate. But a RICO claim requires more than multiple instances of racketeering activity. A plaintiff must allege acts amounting to a *pattern*. 18 U.S.C. § 1962.

"[W]hile two acts are necessary [to establish a pattern], they may not be sufficient . . . 'It is [the] factor of continuity plus relationship which combines to create a pattern.'" *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n. 14 (1985) (quoting S. Rep. No. 91-617, p. 158 (1969)). Where predicate acts don't occur over a "substantial period," they aren't continuous

---

[1] "[A] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim[,]" so long as it gives the plaintiff notice of its intent to do so and an opportunity to respond. *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (internal marks and citations omitted).

without "a specific threat of repetition extending indefinitely into the future" or indications "that the predicate acts were part of an ongoing entity's regular way of doing business." *Northwestern Bell*, 492 U.S. at 242.

Whiteslate doesn't allege a continuous pattern here. Its claim relies on five alleged instances of mail and wire fraud spanning, at most, eight or nine months.[2] Dkt. 1 ¶ 289. This period, on its own, generally isn't long enough to establish continuity. *See, e.g., Religious Technology Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992) ("less than a year" is rarely, if ever, a "substantial period" for RICO pattern). Likewise, Whiteslate doesn't allege any threat of repetition, nor do its allegations support an inference that the acts alleged are part of Defendants' regular way of doing business. The misrepresentations described in the Complaint didn't occur over a substantial period of time and there's no reason to believe based on the Complaint that the conduct extends beyond Defendants' handling of a single property transaction with a single victim and its predecessor entity. The Court finds that the alleged misconduct doesn't amount to a continuous pattern of related misconduct, nor does it suggest the type of long-term criminal activity

---

[2] The period may be shorter still—the Complaint doesn't clearly allege when any pattern might have begun. The earliest alleged misrepresentation appears to have occurred sometime on or before December 24, 2019, but no specific date is alleged. *See* Dkt. 1 ¶¶ 289(d), 37, 39; Dkt. 1-3 at 34. And the Court can't treat either that misrepresentation or the next in time as the beginning of any pattern because those misrepresentations aren't sufficiently alleged. Whiteslate doesn't sufficiently allege the misrepresentations' time, place, or specific content, the parties to them, or whether the relevant Defendant(s) knew the statements to be false. *See* Dkt. 1 ¶¶ 289(d)-(e); *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986) (applying Rule 9(b) to wire fraud RICO claim); *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009) (conclusory allegations insufficient to allege knowledge and intent "generally" under Rule 9(b)).

necessary to bring the conduct within RICO's scope. Whiteslate has failed to sufficiently allege a RICO claim.

### IV. Conclusion

Because the Court declines supplemental jurisdiction, Whiteslate's First through Seventeenth Causes of Action are **DISMISSED WITHOUT PREJUDICE**. The Court **DENIES** the Application premised on those state law claims **WITHOUT PREJUDICE**.

Whiteslate is **ORDERED TO SHOW CAUSE** why the Court shouldn't dismiss the remaining RICO claim under Rule 12(b)(6). Any brief Whiteslate files in response to this order shall be limited to no more than ten pages and filed no later than **noon on Friday, November 13, 2020**. In the alternative, Whiteslate may amend its Complaint by the same date without affecting its right to amend as a matter of course under Fed. R. Civ. P. 15(a)(1).

Defendants' obligation to respond to the Complaint is **STAYED** pending further Order or the filing of an amended pleading. Should Whiteslate file an amended pleading, Defendants must respond within 21 days after being served with the summons, complaint, and that amended pleading.

**IT IS SO ORDERED**.

Dated: October 29, 2020

*Larry A. Burns*
**Hon. Larry Alan Burns**
Chief United States District Judge